**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 12, 2019
Decided October 15, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 18-3131

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* <br><br>     *v.* <br><br> JOHN E. HENRICKS, III, <br>     *Defendant,* <br><br> APPEAL OF: CATHERINE HENRICKS. | Appeal from the United States District Court for the Western District of Wisconsin. <br><br> No. 13-cr-00083 <br><br> Barbara B. Crabb, <br> *Judge.* |

**O R D E R**

This successive appeal follows our decision in *United States v. Henricks*, 886 F.3d 618 (7th Cir. 2018). We remanded to the district court to determine the respective property rights of Defendant John Henricks and his wife, Appellant Catherine Henricks, as of January 10, 2014, and to determine what assets were subject to the government's restitution order against Mr. Henricks. Ms. Henricks now appeals the district court's property determinations on remand. We affirm.

Over the course of several years, Mr. Henricks used a towing business, an auto body shop, and an RV dealership to perpetrate fraud by filing false insurance claims, profiting to the tune of over a million dollars. Ms. Henricks also worked at times for these businesses in an administrative capacity. Mr. Henricks was eventually caught, and in August 2013 he pleaded guilty to one count of mail fraud. After Mr. Henricks attempted to hide his assets instead of making the restitution payments required by his plea agreement, the district court sentenced him to 121 months' imprisonment and ordered him to pay $1,306,608.72 in restitution. In May 2014, a writ of execution was issued to seize property belonging to the Henrickses and one of their businesses pursuant to the restitution order. Ms. Henricks then filed an appearance as an interested person to assert her property interests in various assets sought by the government.

In January 2017, the district court ruled on Catherine Henricks's property rights. The court's ruling relied on its finding that the Henrickses had engaged in activities to hide or shelter assets and divert them from restitution, including procuring a sham divorce. That sham divorce, however, occurred after January 10, 2014—the date judgment was entered against Mr. Henricks. On appeal, we noted the only relevant inquiry was what property interests the parties had as of January 10, 2014, because that was the date the government's lien attached. The sham divorce and other post-judgment conduct was simply irrelevant. *Id.* at 626. We vacated and remanded the judgment in part, instructing the district court "to determine the parties' property interests as of January 10, 2014, and then determine what property is subject to the government's restitution order." *Id.*

On remand, the district court considered four categories of assets sought by the government pursuant to the restitution order: the property levied upon pursuant to the writ of execution; the real and personal property of AJ's Auto Body (a company established by the Henrickses shortly after Mr. Henricks was indicted); the Henrickses' 2013 federal income tax refund; and Ms. Henricks's retirement account. *United States v. Henricks*, No. 13-cr-00083, slip op. at 1–2 (W.D. Wis. Sept. 20, 2018). The court determined all four were subject to the restitution order. *Id.* at 8–13. The court also determined, under Wisconsin law, that Ms. Henricks was entitled to a one-half marital property interest in her retirement account and in the portion of the 2013 federal income tax refund attributable to her wages from employment separate from the fraudulent businesses. *Id.* at 11–13. However, the court held Ms. Henricks had no interest in the real and personal property of AJ's Auto Body, *id.* at 9–10, and likewise no interest in the portion of the tax refund attributable to Mr. Henricks's 2013 wages, *id.* at 11–12. The court reasoned the Henrickses never earned or acquired a legal or equitable property interest in those assets because they were illegally obtained through Mr. Henricks's fraud or only made possible

because of it, and thus they do not qualify as marital property. *Id.* Ms. Henricks appealed again.

Ms. Henricks's second appeal raises four main issues. First, she alleges the district court erred by holding she was not entitled to a marital share of the portion of the 2013 federal income tax refund attributable to Mr. Henricks's 2013 wages. Second, she alleges the district court erred by concluding she did not have any property interest in the real and personal property of AJ's Auto Body. Third, she alleges the district court improperly held the restitution order extended to all assets Mr. Henricks possessed as of January 10, 2014, instead of limiting it to the assets sought by the government. Fourth, she alleges the district court deprived her of due process by not conducting an evidentiary hearing at which she could present evidence in her favor.

The district court carefully and correctly analyzed whether Ms. Henricks had a marital property interest in AJ's Auto Body. The judge found she did not because AJ's was created with fraudulently obtained funding and the assets of Mr. Henricks's previous auto body shop purchased with the proceeds of his illegal activities.[1] *Id.* at 9–10. The judge also properly determined that the government's lien attached to all of Mr. Henricks's assets as of January 10, 2014. *Id.* at 7. Because we agree fully with the district court's analysis and conclusions, we see no reason to repeat them here. We focus only on two issues that require some further discussion: Ms. Henricks's interest in the 2013 income tax refund and her due process claim.

The district court concluded Ms. Henricks had no marital property interest in the portion of the tax refund attributable to Mr. Henricks's 2013 wages. Mr. Henricks paid himself those wages out of business profits that would not have been possible but for his fraudulent and illegal activities. The overwhelming evidence examined by the district court indicated the money used to establish and sustain Mr. Henricks's businesses was the product of his criminal activities. Therefore, Mr. Henricks never acquired legal or equitable title in the wages he paid himself through those businesses. The district court concluded neither of the Henrickses were entitled to the refund of illegally obtained money.

On appeal, Ms. Henricks argues that the district court's conclusion was incorrect as a matter of law because marital property in Wisconsin includes "income" of any kind,

---

[1] Ms. Henricks argues that the district court improperly relied on "inadmissible hearsay" in concluding that AJ's was funded and established with the proceeds of illegal activity, but she waived this issue by not objecting at the district court. *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012). Furthermore, in a proceeding to issue or enforce a restitution order, the Federal Rules of Evidence do not apply; thus, the district court could properly consider even hearsay evidence. 18 U.S.C. § 3664(c).

regardless of whether that income was acquired legally. She cites the Wisconsin marital property statute's classification of "income earned or accrued by a spouse … during marriage" as marital property, WIS. STAT. § 766.31(4), and the fact that even illegally gained money may be taxable by the federal and state governments, *see James v. United States*, 366 U.S. 213, 221 (1961). The gist of Ms. Henricks's argument is that because illegally gained money is treated as "income" for tax purposes, it must also be treated as "income" for marital property purposes. However, the definitions section of Wisconsin's marital property statute expressly defines property as "an interest, present or future, *legal or equitable*, vested or contingent, in real or personal property." WIS. STAT. § 766.01(15) (emphasis added). This language forecloses any argument that wages in which the Henrickses never accrued a legal or equitable interest can be considered marital property. The fact that illegally gained money may still be considered income for taxation purposes is irrelevant.

Finally, Ms. Henricks argues she was denied due process by the district court on remand. Other than quoting the text of the Fifth Amendment and a description of the Fifth Amendment's Due Process clause from the Legal Information Institute's online legal encyclopedia, however, Ms. Henricks's opening brief provides very little discussion on this issue and cites no other authorities to support her position. She does not engage in any substantive analysis of her due process claim. She simply asserts she "did not receive such a fundamentally fair, orderly and just judicial procedure." Her primary complaint is that the district court denied her request for a discovery period and an evidentiary hearing.

This argument, even had she fleshed it out with substantive analysis, is not supported by the record. Ms. Henricks received the process she was due. She requested a discovery period, evidentiary hearing, and the appointment of an expert witness because she "believe[d] the valuation of the assets as of [January 10, 2014] will require presentation of valuation information." The district court denied that request because our remand instructions did not call for a valuation of the assets: we only remanded for the court to determine the parties' respective property interests and to determine what property is subject to the restitution order. Ms. Henricks was not entitled to gather or present evidence relating to valuation, and the district court did not deny her due process by rejecting her request on that ground. Furthermore, Ms. Henricks had ample opportunity to present evidence and argument in her favor at the district court, and did so, by filing an affidavit with multiple exhibits which the district court duly considered.

For the reasons stated herein and the reasons thoroughly explained in the district court's opinion and order, we AFFIRM the decision of the district court.